```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO. 09-14230-CIV-MOORE
                                  MAGISTRATE JUDGE P.A. WHITE
```

MARK ANTHONY PINA,             :

    Petitioner,            :

v.                             :     <u>REPORT OF</u>
                                                         <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,              :

    Respondent.            :
_____

## I. Introduction

Mark Anthony Pina, who is presently confined at Martin Correctional Institution, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case F-03-2017, entered in the Eleventh Judicial Circuit Court for Miami-Dade County. (DE# 1).

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Claims

Pina raises the following grounds for relief:

1. The trial court erred when it failed to follow the mandatory procedure for competence to stand trial and by not holding a competency hearing on the morning of trial.

2. His trial counsel was ineffective in failing to object to the re-examination of defendant without court order or notice to defense counsel.

1

>  3.  His trial counsel was ineffective in failing to object to the trial court's failure to hold a competency hearing.
>
>  4.  His appellate counsel was ineffective on direct appeal when he failed to argue that the trial court erred in failing to determine whether he was competent to stand trial.

### III. Procedural History

Pina was convicted of possession of a firearm after pleading guilty and was convicted of armed robbery with a firearm after a jury trial.  Pina was sentenced to life in prison. (DE# 14, p. 363-65, 407-411). He prosecuted a direct appeal from his conviction, raising the same claims raised here under ground one.  (DE# 14, p. 426-441, 524-47).  The Florida Third District Court of Appeal per curiam affirmed the conviction in a decision without written opinion. (DE# 14, p. 548).  See also Pina v. State, 971 So. 2d 124 (Fla. 3 DCA 2007). Approximately eleven months later, Pina returned to the trial court and filed a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, raising the identical grounds of ineffective assistance of trial counsel presented in this federal petition under grounds two and three. (DE# 14, p. 552-567).  In a written order, the trial court summarily denied the motion. (DE# 14, p. 652-67). Pina took an appeal from the trial court's ruling, and the denial of postconviction relief was affirmed without written opinion in a per curiam affirmance. (DE# 14, p. 837). See also Pina v. State, 5 So.3d 683(Fla. 3 DCA 2009). Pina filed a petition for writ of habeas corpus in the Third DCA pursuant to Florida Rule of Appellate Procedure 9.030(b)(3) wherein he raised the same issue he raises in the present proceedings under ground four.  (DE# 14, p. 892-09).  On May 15, 2009, the Third DCA issued an order denying Pina's petition for writ of habeas corpus. (DE# 14, p. 910).   On July 9, 2009, Pina came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  (DE# 1).

### IV.  Statute of Limitations

In the response to the order to show cause, the respondent rightfully does not challenge the timeliness of this petition. See 28 U.S.C. §2244(d).  (DE# 13, p. 31).

## V.  Exhaustion

The Respondent does not assert that the claims are unexhausted and procedurally barred.  (DE# 13).

## VI.  Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

3

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254; Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001); Devier v. Zant, 3 F.3d 1445 (11th Cir. 1993).

In the instant case, the Petitioner seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

### VII.   Facts

The trial court conducted a competency hearing on March 10 and 19, 2004 during which three experts testified regarding Pina's competency to stand trial, specifically, Dr. Sanford Jacobson, Dr. Leonard Haber, and Dr. Sonia Ruiz. (DE# 14, p. 8-80). Pursuant to court order, Dr. Jacobson examined Pina on two occasions at the Miami-Dade County Jail, February 2 and 13, 2004. (DE# 14, p.

4

13-14). During the first visit, the corrections officers refused to remove Pina from his cell and bring him to a private interview room, accordingly, Jacobson could not conduct an adequate evaluation. (DE# 14, p. 14). At the end of the visit, Jacobson could not reach a definitive decision as to Pina's competency, but believed that he was likely competent. (DE# 14, p. 14). When questioned by Pina's trial counsel, Jacobson explained that he returned for a second visit not in response to a second court order but because he "was advised by the Mental Health Administrator's office to see [Pina] again." (DE# 14, p. 19). Jacobson testified that he did not know "who they spoke to but . . . it was [his] understanding that the Court wanted [him] to, if possible, follow-up on [his] earlier evaluation." (DE# 14, p. 19).

During the February 13, 2004 visit, Jacobson met with Pina in a private interview room. (DE# 14, p. 19). After interviewing Pina, Jacobson believed that the defendant was attempting to simulate mental illness and/or incompetence. (DE# 14, p. 24). Pina was "essentially refus[ing] to participate meaningfully in answering questions aimed at assessing his competency." (DE# 14, p. 25). When asked by defense counsel whether he was able to conclude within a reasonable degree of psychiatric certainty whether Pina would be able to communicate adequately with his attorney and understand the requirements of law, Jacobson responded, "I think he could if he chose to. I think his behavior is volitional." (DE# 14, p. 27).

Dr. Haber testified that he too conducted a competency evaluation with Pina pursuant to court order on January 14, 2004. Haber examined Pina in an interview room at the Miami-Dade County Jail. (DE# 14, p. 48). Haber provided the following opinion: "I concluded that the defendant with certain qualifications was competent to proceed to trial. Although he stated that he did not remember anything that he was charged with, I did not accept that as a fully credible response." (DE# 14, p. 54).

Dr. Ruiz examined Pina on January 14, 2004 in an interview room at the jail. (DE# 14, p. 59). She testified to her conclusion that Pina was not competent because "his capacity to consult with counsel in a reasonable manner was . . . questionable" due to his

"mood and tendency to become explosive, emotional, and loud." (DE# 14, p. 67). However, she testified that she "thought he knew what his charges were" and "had a reasonable understanding of what he was facing." (DE# 14, p. 67).

At the close of the March 19, 2004 hearing, the court concluded that Pina was competent to stand trial. (DE# 14, p. 74). The court explained that it reached this conclusion after reviewing the reports and testimony of the three doctors and based on Pina's behavior in his dealings with the court. (DE# 14, p. 74). The court noted that Pina "engaged vigorously in plea negotiations with the state . . . until it became clear that the state was not offering him a plea, at which time his tact changed and he pursued the competency route." (DE# 14, p. 75). The court also noted that Pina had filed several pro se motions to have his attorney fired and to have the judge disqualified. (p. 76).

On the first day of trial, April 18, 2005, the following exchange took place between the judge and defense counsel, Ira Still.

> The Court: Now, Mr. Still, have you seen Mr. Pina recently?
> Mr. Still: I haven't seen him today, no.
> The Court: Before today?
> Mr. Still: I haven't seen him for a while.
> The Court: Do you have any concerns or issues as to his competency to proceed?
> Mr. Still: Will they bring him up?
> Corrections Officer: No, we have to bring him in.
> The Court: Why don't you go over to the jail and see him this morning, because if you have any concerns, I would just as soon have Dr. Jacobson see him over the lunch hour so it won't delay jury selection.

(DE# 16, T 3).

After meeting with his client, defense counsel returned to the courtroom and informed the judge, "I think that in an abundance of caution you should ask . . . Dr. Jacobson to speak to him this morning." (DE# 16, T 3). Dr. Jacobson, who was present in the courtroom at that time, was asked by the court to go across the street to examine Pina. (DE# 16, T 4) Dr. Jacobson agreed. When

Jacobson returned, the court asked Jacobson for his conclusion. Jacobson stated, "I think that he is competent." (DE# 16, T 5) Jacobson explained that Pina was nonresponsive but that he believed Pina's behavior was volitional. (DE# 16, T 7). Jacobson answered in the affirmative when asked by the court whether Pina "has the capacity to appreciate the charges and the range and nature of the penalties and to understand the adversary nature of the proceedings" but that "he is deliberately choosing not to exercise or participate in the proceedings." (DE# 16, T 8). Defense counsel responded with the following when the court asked whether he had any questions for the doctor: "No, Judge. It sounds like Dr. Jacobson was talking to the exact same gentleman that I talked to this morning because I had those responses, too. Of course, it makes it difficult to represent him because he is not communicating" and "I would defer to the doctor's opinion I think on this." (DE# 16, T 10). The court thanked the doctor and moved on to another issue. (DE# 16, T 10). The court impliedly agreed with Jacobson's conclusion as the court did not terminate the trial due to Pina's incompetency to proceed. (DE# 16, T 11).

## VIII.  Discussion

> Claim 1: The trial court erred when it failed to follow the mandatory procedure for competence to stand trial and by not holding a competency hearing on the morning of trial.

On direct appeal, Pina argued that the trial court failed to comply with Fla.R.Crim.P. 3.210(b) which provides:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorney for the State and the defendant may be

7

present at the examination.

Pina argued that on the first day of trial, the trial court ran afoul of this rule by not requiring at least two experts to examine Pina and by failing to conduct a competency hearing. (DE# 14, p. 524-41). The appellate court per curiam affirmed the conviction in a decision without written opinion in Pina v. State, 971 So. 2d 124 (Fla. 3 DCA 2007). (DE# 14, p. 548-49).

The due process clause prohibits the trial of a person who is mentally incompetent. Sheley v. Singletary, 955 F.2d 1434 (11 Cir. 1992)(citations omitted). The burden on the petitioner seeking federal habeas relief on the grounds of incompetency is heavy. "Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner." Id. at 1438 (quoting Reese v. Wainwright, 600 F.2d 1085, 1091 (5 Cir. 1979)). The test of competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 788 (1960)(citation omitted); Bouchillon v. Collins, 907 F.2d 589, 592 (5 Cir. 1990).

A court is required sua sponte to hold a competency hearing whenever there is substantial doubt concerning the defendant's competence. Pate v. Robinson, 383 U.S. 375 (1966)(holing that due process requires evidentiary hearing whenever there is substantial evidence that defendant may be mentally incompetent). The factors giving rise to a trial court's constitutional obligation to hold a competency evaluation include: (1) prior evidence of the defendant's irrational behavior; (2) the defendant's demeanor at trial; and (3) prior medical opinions regarding the defendant's competence to stand trial. See Drope v. Missouri, 420 U.S. 162, 179 (1975); Dusky, supra at 402. The mere presence of mental illness or other mental disability at the time of trial does not necessarily mean that a defendant is incompetent under the *Dusky* test. See

generally Wolf v. United States, 430 F.2d 443, 444 (10 Cir. 1970). Even a lifelong history of mental illness and emotional problems do not demonstrate incompetency without a specific showing of how these difficulties generated a substantial doubt as to petitioner's competency at the time in question. Medina v. Singletary, 59 F.3d 1095, 1106 (11 Cir. 1995); Card v. Singletary, 981 F.2d 481 (11 Cir.1992). The courts have recognized that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." Medina v. California, 505 U.S. 437, 450 (1992).

Pina's argument focuses on the trial court's failure to comply with the requirements contained in Fla.R.Crim.P. 3.210(b). Although the trial court's failure to appoint additional doctors or to conduct a full blown competency hearing might have run afoul of the Florida Rules of Criminal Procedure, the trial court's actions did not violate Pina's Constitutional rights.

Petitioner fails to meet his burden of showing that there were objective facts known to the trial court which raised a bona fide doubt regarding his competency to stand trial. On the first day of trial, the court was aware of two prior medical opinions finding Pina competent. Furthermore, the trial court previously ordered three doctors to examine Pina, submit written reports, and testify at a competency hearing. At the conclusion of the hearing, the trial court deemed Pina competent to stand trial. See Boyd v. State, 910 So. 2d 167, 187 (Fla. 2005)("Once a defendant is determined competent to stand trial, a presumption of competence attaches to the defendant in later proceedings."). Dr. Jacobson examined Pina on the first day of trial and informed the court that Pina was competent and that he was malingering.

Nothing that subsequently occurred during the course of trial was sufficient to evoke a bona fide doubt in the mind of the trial court that Pina was not truly competent. During the trial, Pina was able to communicate with his attorney as defense counsel informed the judge that his "client has requested for me to move the Court for him to have his handcuffs off during the trial so that the jury does not see the handcuffs." (DE# 16, T 233). After the jury returned a guilty verdict, Pina himself stipulated on the

record to his prior convictions and to the fact that he qualified as a career criminal. (DE# 16, T 535-37, 542). In addition, there is no evidence in the record of any unusual behavior by Pina.

The state trial and appellate courts' findings that the evidence did not require a competency hearing under Pate are findings of fact to which this habeas corpus court must defer unless they are 'unreasonable' within the meaning of 28 U.S.C. §2254(d)(2). Torres v. Prunty, 223 F.3d 1103, 1105 (9 Cir. 2000), *citing*, Maggio v. Fulford, 462 U.S. 111, 117, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983)(per curiam)(treating question whether evidence required competency hearing as a question of fact). See also 28 U.S.C. §2254(e)(1). Such deference is clearly appropriate. See Hodgson v. State, 718 So. 2d 330, 331 (Fla. 4 DCA 1998)(trial court's first-hand observations of defendant's conduct, rather than the cold record, places the trial court in a superior vantage point in making a competency determination - we cannot conclude that the court's failure to sua sponte order an evaluation or conduct a further hearing here was an abuse of discretion). The state court findings were not unreasonable in this case.

In conclusion, the record before this Court demonstrates that Pina had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he had a rational as well as factual understanding of the proceedings against him. Petitioner has failed to present facts, to either the state court or this court, that are sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to his mental capacity at the time of trial. The trial court, therefore, had no sua sponte duty to hold a competency hearing under Pate. Reese v. Wainwright, 600 F.2d at 1092 (stating, "Pate does not require that a trial judge be an omniscient psychiatrist, but that he act reasonably on the objective facts put before him."), *citing*, Drope v. Missouri, 420 U.S. at 180; Chenault v. Stynchcombe, 546 F.2d 1191, 1193 (5 Cir. 1977). Accordingly, the state appellate court's rejection of Petitioner's claim was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be

denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

> <u>Claim 2</u>:  His trial counsel was ineffective in failing to object to Dr. Jacobson's re-examination of defendant without court order or notice to defense counsel.

The trial court entered a January 22, 2004 order directing Dr. Jacobson to examine Pina and make a determination regarding his competency to stand trial.  Dr. Jacobson met with Pina on February 2, 2004, but because the guards refused to permit Jacobson to examine Pina in a private interview room, Jacobson could not reach a definite decision as to Pina's competency.  Jacobson submitted a report dated February 3, 2004 wherein he explained that he could not make a competency determination based on the circumstances surrounding the interview.  (DE# 14, p. 447).  On February 14, 2004, Jacobson returned to the jail and was permitted to meet with Pina in an interview room.  At the end of his visit, Jacobson concluded that Pina was competent to stand trial.  He authored a report dated February 15, 2004, which contained this conclusion, and submitted it to the court.  (DE# 14, p. 449).

During the competency hearing, defense counsel did not object to the fact that the doctor made a second visit.  He also did not object to the doctor's testifying to his conclusions following the second visit or to the entry of the February 15, 2004 report.

In his motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, Pina argued that his defense counsel was ineffective when he failed to object to Jacobson's reexamination of Pina and the entry of Jacobson's testimony and report regarding the second visit.  (DE# 14, p. 572-75).  In its order denying Pina's motion, the trial court stated: "Dr. Jacobson evaluated the Defendant pursuant to a court order . . . Dr. Jacobson explained that his evaluation took place over two days because the conditions on the first day were not conducive to permit him to adequately assess the Defendant.  The Defendant has failed to show how he was prejudiced by this, so his claim is denied as legally insufficient."  (DE# 14, p. 653).  The denial of postconviction

relief was affirmed without written opinion in a per curiam affirmance. (DE# 14, p. 837). See also Pina v. State, 5 So.3d 683(Fla. 3 DCA 2009).

Pina asserts the same argument in his federal petition as he raised in his Rule 3.850 motion. The facts in this case fail to establish prejudice. See Strickland, 466 U.S. at 694. Dr. Jacobson was ordered to evaluate Pina and reach a conclusion regarding Pina's competency. It simply took Jacobson two visits to the jail to comply with the court order. He did not visit the jail the second time without court authorization. Had defense counsel objected, it is unlikely that the trial court would have turned a blind eye to Jacobson's findings following his second visit.

Accordingly, the trial court's determination that Pina was not entitled to postconviction relief on the ineffective assistance of counsel claim raised here, which decision was affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000).

> Claim 3: His trial counsel was ineffective in failing to object to the trial court's failure to hold a competency hearing at the outset of trial.

In his postconviction motion, Pina argued that defense counsel was ineffective when he failed to object to the trial court's failure to comply with Fla.R.Crim.P. 3.210(b) on the first day of trial. In its order denying Pina's motion, the trial court held, "the Defendant's attorney was not ineffective for failing to object to the court's failure to conduct a competency hearing or order other evaluations, since it was clear the Defendant's competence was not legitimately in question." (DE# 14, p. 654). The denial of postconviction relief was affirmed without written opinion in a per curiam affirmance. (DE# 14, p. 837). See also Pina v. State, 5 So.3d 683(Fla. 3 DCA 2009).

Above, the Undersigned concluded that the record did not

contain objective facts known to the trial court which raised a bona fide doubt regarding Pina's competency to stand trial. Because the trial court's actions did not constitute error, defense counsel's failure to object to these actions did not constitute deficient performance.

Accordingly, the trial court's determination that Pina was not entitled to postconviction relief on the ineffective assistance of counsel claim raised here, which decision was affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

> <u>Claim 4</u>:  His appellate counsel was ineffective on direct appeal when he failed to argue that the trial court erred in failing to determine whether he was competent to stand trial.

On direct appeal, the public defender's office filed a Memorandum Brief in the Third DCA under <u>Anders v. California</u>, 386 U.S. 738 (1967) on Pina's behalf.  The brief referred the Third DCA to several points which arguably might warrant reversal including "whether the trial court fundamentally erred by failing to appoint at least two mental health experts to evaluate [Pina] for competency to proceed on the morning of trial." (DE# 14, p. 426-41). The Third DCA issued an order permitting the public defender to withdraw from the case and providing Pina with thirty days to file a <u>pro se</u> initial brief.  (DE# 14, p. 442-43).  Pina subsequently filed a <u>pro se</u> brief wherein he argued that the trial court fundamentally erred by failing to appoint at least two doctors to examine Pina and failing to conduct a competency hearing at the outset of trial.  (P 524-47).  The appellate court <u>per curiam</u> affirmed the conviction in a decision without written opinion in <u>Pina v. State</u>, 971 So. 2d 124 (Fla. 3 DCA 2007). (DE# 14, p. 548-49).

A claim of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate

district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So.2d 439 (Fla. 1990).  In this case, Pina filed a petition for writ of habeas corpus in the Third DCA pursuant to Florida Rule of Appellate Procedure 9.030(b)(3) wherein he raised the same issue he raises in the present proceedings under ground four, namely, that his appellate counsel's performance was ineffective on direct appeal when counsel failed to argue that the trial court erred in failing to determine whether he was competent to stand trial.  (DE# 14, p. 892-09).  On May 15, 2009, the Third DCA issued an order denying Pina's petition for writ of habeas corpus. (DE# 14, p. 910).

Pina argues in the present proceedings that appellate counsel was ineffective for failing to brief the due process violation which occurred when the trial court failed to hold a competency hearing after appointing Jacobson to examine Pina on the first day of trial.  Pina asserts that appellate counsel misinformed him that the issue could not be raised on appeal due to trial counsel's failure to lodge an objection.  (DE# 1).

In this case, Pina cannot show prejudice because the Third DCA actually considered whether the trial court erred on the first day of trial in connection with the public defender's Anders Brief and Pina's pro se initial brief.  The Third DCA found no fundamental error and affirmed Pina's conviction.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 29th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Mark Anthony Pina
    DC #426905
    Martin Correctional Institution
    1150 S.W. Allapattah Road
    Indiantown, FL 33128

    Richard L. Polin
    Lunar Claire Alvey
    Attorney General Office
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131